## Case No. 14,859.

### UNITED STATES v. COOLY.

[4 Cranch, C. C. 707.][1]

Circuit Court, District of Columbia. March Term, 1836.

GAMING—FARO BANK—INDICTMENT.

An indictment, under the penitentiary act for the District of Columbia [4 Stat. 448], for keeping a faro-table, must charge the offence either to be the keeping of a common gaming-table, or must positively charge it to be the keeping of a faro-bank; not "a gaming-table called a faro-bank."

[Cited in U. S. v. Ringgold, Case No. 16,167; Marcus v. U. S., Id. 9,062a.]

The indictment charged that the defendant [Azariah Cooly] "on the first day of April, 1835, with force and arms, at the county aforesaid, did keep a certain gaming-table called a faro-bank, against the form of the statute," &c.

Mr. Dandridge, for the defendant, moved the court to quash the indictment, because it was too uncertain, and did not describe the offence stated in the statute. The first section of the penitentiary act of the 2d of March, 1831 [4 Stat. 448], enacts that every person, who shall be convicted, in any court in the District of Columbia, of any of the offences enumerated, and, among others, of the offence "of keeping a faro-bank or other common gaming-table," shall be sentenced to suffer punishment by imprisonment and labor for the time and times thereinafter described, in the penitentiary of the District of Columbia. And by the twelfth section it is enacted, that every person duly convicted

---

[4] See Rex v. Bridgewater & T. Canal Co., 7 Barn. & C. 514.

[1] [Reported by Hon. William Cranch, Chief Judge.]

"of keeping a faro-bank or gaming-table, shall be sentenced to suffer imprisonment and labor for a period not less than one year, nor more than five years." Thus, the first section refers to the twelfth to ascertain the duration of the punishment of the offence described in the first. The first describes the offence; the twelfth limits the time of imprisonment and labor. In U. S. v. Smith [Case No. 16,328], at November term, 1835, this court decided that the first section describes the offence, and the twelfth ascertains the duration of the punishment, and that both sections must be construed together; and that the punishment mentioned in the twelfth is to be applied to the offence described in the first. The offence described in the first section is the keeping of a "faro-bank or other common gaming-table." The indictment does not charge the keeping of a common gaming-table, nor of keeping a faro-bank; but of keeping "a gaming-table called a faro-bank." All the circumstances named in the statute as constituting the offence must be stated in the indictment. It is not sufficient to charge it as contra formam statuti. 1 Chit. Cr. Law, 282; Craven's Case, Russ. & R. 14, where, in an indictment upon the statute against stealing bank-notes, the offence charged was stealing a certain note commonly called a bank-note; and it was held to be insufficient, and was quashed.

Mr. Key, contrà. The twelfth section does not require the word "common;" and the court would instruct the jury, upon a count omitting the word "common," that they must be satisfied by the evidence that it was a common gaming-table. The indictment charges the defendant with keeping a faro-bank, which is clearly within the statute. A thing is what it is commonly called. To say that the defendant kept a gaming-table called a faro-bank, is to say that he kept a faro-bank. It is not necessary to use other words than those of the statute. Com. v. Arnold, 4 Pick. 251; Brown v. Com., 8 Mass. 59; People v. Holbrook, 13 Johns. 90; U. S. v. Bachelder [Case No. 14,490]; s. c., 6 Wheeler, Abr. 34. If there are two statutes in pari materiâ, it is sufficient to take the words of either. So of two sections in the same statute.

Mr. Dandridge, in reply, cited U. S. v. Bachelder, 6 Wheeler, Abr. 35.

THE COURT (nem con.) quashed the indictment, being of opinion that the indictment must charge the offence either to be the keeping of a common gaming-table, or must positively charge it to be the keeping of a faro-bank, not merely a gaming-table called a faro-bank.

THRUSTON, Circuit Judge, suggested that it would be better to charge it as the keeping of a faro-bank, the same being a common gaming-table. In a subsequent case against McCormick, at this term, for keeping "a certain public gaming-table called a faro-bank," the indictment was quashed, on the authority of Cooly's Case.